IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2006 Session

**C & W ASSET ACQUISITION, LLC, AS ASSIGNEE OF CHRYSLER
FIRST FINANCIAL SERVICES CORPORATION v. DONALD H. OGGS**

**Appeal from the Circuit Court for Monroe County**
**No. V04324H     John B. Hagler, Jr., Judge**

**No. E2006-01251-COA-R3-CV - FILED JANUARY 30, 2007**

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from the majority's opinion. I would reverse the Trial Court and remand this matter for entry of judgment as requested and as proven by the plaintiff.

Initially, I cannot agree with the majority's resolution of the issues concerning Mr. Oggs' failure to respond to requests for admission and his failure to plead the affirmative defense of failure of consideration. I believe the Trial Court's resolution of these issues, as affirmed by the majority, resulted in Mr. Oggs having an unfair advantage simply because of his status as a *pro se* litigant. I believe such a result is contrary to the law of this state.

As recently stated by this Court in a case involving a *pro se* litigant's untimely appeal of a final judgment:

> While we realize the "legal naivete" of a *pro se* litigant such as Frazier, we must not allow him an unfair advantage because he represents himself. ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 651-21 (Tenn. Ct. App. 1989). *Pro se* litigants who invoke the complex and technical procedures of the courts assume a very heavy burden. ***Id***. At 652, (citing *Gray v. Stillman White Co*., 522 A.2d 737, 741 (R.I. 1987)). While they are entitled to fair and equal treatment, they must follow the same procedures as a represented part. ***Id***. (citations omitted).

We find it appropriate to include the following observation of the Eastern Section of this Court, when faced with this same situation in *Grigsby v. Univ. of Tenn. Med. Ctr.*, No. E2005-01099-COA-R3-CV, 2006 WL 408053, at *2-3 (Tenn. Ct. App. Feb. 22, 2006). The Court was forced to dismiss the appeal of a *pro se* litigant because his notice of appeal was not timely filed, and stated:

> We do not favor dismissing *pro se* litigants' appeals on what might appear to be technicalities. However, while parties who choose to represent themselves are entitled to fair and equal treatment, they are not entitled to shift the burden of litigating their case to the courts, see *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983), or to be excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Accordingly, they must act within the time periods provided by the applicable statutes and rules in order to have their cases considered. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

*Id*. (citing *Goad v. Pasipanodya*, No. 01A01-9509-CV-00426, 1997 WL 749462, at *2 (Tenn. Ct. App. Dec. 5, 1997)). Unfortunately Mr. Frazier's appeal was not timely filed, and therefore we may not consider the issues he has presented for our review.

*Frazier v. Campbell*, No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. W.S., August 31, 2006), *no appl. perm. appeal filed*.

First, as to Mr. Oggs' failure to respond to plaintiff's properly submitted requests for admission, I would hold the Trial Court erred by allowing Mr. Oggs never to respond to the requests for admission. The Trial Court did state that it would allow Mr. Oggs to respond in court, although it is unclear whether or not this oral response was to be at some hearing before trial or at trial. In either event, I believe it was error by the Trial Court to proceed this way as the Trial Court, in effect, simply removed Rule 36 from the Tennessee Rules of Civil Procedure and allowed Mr. Oggs, solely because he was a *pro se* litigant, not to have to respond to these properly submitted requests for admission. If Mr. Oggs was allowed to "respond" orally at some pre-trial hearing where there was no transcript or written record made, such a "response" was no response at all. If the Trial Court allowed Mr. Oggs to "respond" to the requests for admission by answering questions put to him on

cross-examination at trial, that likewise is no "response" to the requests for admission but instead is nothing more than just that, answering questions on cross-examination at trial. In either event, I believe the Trial Court erred by giving Mr. Oggs an unfair advantage because he is a *pro se* litigant by holding that Rule 36 of the Tennessee Rules of Civil Procedure did not apply to him. There simply was no reason for Mr. Oggs, solely because of his status as a *pro se* litigant, "to be excused from complying with the same substantive and procedural requirements that other represented parties must adhere to." *Frazier*, 2006 WL 2506706, at \*3.

Likewise, I do not agree with the majority's conclusion that Mr. Oggs' failure to respond to the requests for admission and the Trial Court's failure to require him to comply with Rule 36 was inconsequential and therefore harmless. Frankly, I believe if Mr. Oggs had admitted even just the last request for admission: "Please admit that balance history attached as Exhibit B reflects the charges and payments made to my credit agreement", it most definitely would have been an admission by Mr. Oggs that such charges and payments were those advances made and payments received under that credit agreement as that is, despite the majority's reinterpretation of the language of the request, exactly what it says.

The Trial Court's error, and now affirmed by the majority, with regards to Mr. Oggs' total failure to respond to the requests for admission is then compounded by how the majority disposes of plaintiff's argument concerning Mr. Oggs' failure to plead the affirmative defense of failure of consideration. Once again, the majority excuses Mr. Oggs from complying with the Rules of Civil Procedure simply because of his status as a *pro se* litigant. To take Mr. Oggs' statement in his answer that he had no knowledge of the debt claimed and did not owe it, and to some way transform that into language sufficient to satisfy Rule 8.03 of the Tennessee Rules of Civil Procedure requiring the affirmative defense of failure of consideration to be plead is a leap too great for any court to make. Rule 8.03 says that Mr. Oggs "shall set forth affirmatively facts in short and plain terms relied upon to constitute ... failure of consideration ...." Clearly, Mr. Oggs plead no such facts. Mr. Oggs never once said in his answer, or even at trial for that matter, that he never received the money. The most he ever said, even at trial, was that he had no recollection of the debt or receiving the money, and in his answer the most he claimed was that he had no knowledge of the debt and did not owe it.

Putting aside for now Mr. Oggs' trial testimony and looking solely at his answer, I am completely at a loss as to what the plaintiff was suppose to have done. Applying the majority's reasoning, Mr. Oggs, solely because he is a *pro se* litigant, could in his answer say only that he does not know about or owe the debt and then be allowed to show up at trial, after first having been excused from responding to requests for admission, and raise any of the affirmative defenses set forth in Rule 8.03. Perhaps what Mr. Oggs meant when he said he did not owe the debt was that he had paid it; perhaps that there was duress; perhaps that estoppel or fraud applied; perhaps that a statute of limitations or statute of repose applied; perhaps that some other statute such as truth in lending applied. Under the majority's decision, plaintiff was required to come to court ready to address whatever possible or potential non-plead affirmative defenses Mr. Oggs as the *pro se*

defendant might for the first time raise during the trial. Such a result totally emasculates Rule 8.03 of the Tennessee Rules of Civil Procedure.

I do not mean to say that a *pro se* litigant such as Mr. Oggs must use the magic phrase, "failure of consideration", or risk failing to comply with Rule 8.03. However, it is not unreasonable to avoid giving a *pro se* litigant an unfair advantage to require that litigant to do exactly what Rule 8.03 says and that is to set forth affirmatively the facts relied upon to constitute whatever the affirmative defense may be. Here for example, if it was Mr. Oggs' position as the majority has found that he never received the money sued for, all he had to plead was "I never got the money." Instead, the Trial Court's ruling as now affirmed by the majority left this plaintiff, as it will every other similar plaintiff, guessing which of the long list of affirmative defenses contained in Rule 8.03 may be raised for the first time at trial, or apparently even later on appeal, by the *pro se* defendant as a defense. To hold, as the majority does, that the plaintiff should have been ready to address anything raised for the first time at trial by Mr. Oggs does exactly what is prohibited and that is to put Mr. Oggs, solely because of his status as a *pro se* litigant, in better shape that he would have been had he been represented by an attorney.

The majority's holding allows *pro se* litigants, solely because they are *pro se* litigants, to be excused from answering requests for admission and to be excused from complying with the Rules of Civil Procedure requiring the pleading of the facts of any affirmative defense. Further, the majority's holding then puts the party opposing the *pro se* litigant in the position of having to guess what the *pro se* litigant's position may be at trial. The majority then says that the litigant represented by counsel, because of Tenn. R. Civ. P. 15.02, is stuck because some issues and defenses that were not raised by the *pro se* litigant in his pleadings were then tried by implied consent.

The record before us shows that the plaintiff here never gave its implied consent to try these issues and in fact filed a motion concerning Mr. Oggs' failure to respond to the requests for admission. Mr. Oggs should have been required to comply with the Rules of Civil Procedure by responding in writing before trial to the properly submitted Rule 36 requests for admission or they should have been deemed admitted as provided by Rule 36 itself. Mr. Oggs should have been required to comply with Rule 8.03 by pleading facts sufficient to put the plaintiff on notice that it was Mr. Oggs' defense that he never received the money. As this is not what happened, Mr. Oggs was given an unfair advantage solely because of his *pro se* status. The Trial Court erred in excusing Mr. Oggs from "complying with the same substantive and procedural requirements that other represented parties must adhere to." *Frazier*, 2006 WL 2506706, at *3.

Having expressed my inability to concur with the majority's decisions as to the issues concerning Mr. Oggs' failure to plead failure of consideration and his failure to respond to the requests for admission and the Trial Court's error in excusing him from complying with these Rules, I now turn to the majority's decision concerning plaintiff's remaining issue of whether or not the evidence preponderates against the Trial Court's decision that plaintiff failed to meet its burden of proof. I believe a review of that issue can not be made without first addressing, as discussed above,

-4-

the Trial Court's errors in regard to the requests for admission and Mr. Oggs' failure to plead failure of consideration.

I take no issue with the Statement of Evidence as quoted in the majority's opinion. I think the evidence shown in that Statement of the Evidence, which, along with the trial exhibits, is all this Court has before it as to the evidence presented at trial, clearly shows the evidence preponderates against the Trial Court's decision that Plaintiff failed to carry its burden.

The majority couches it in terms of the Trial Court being faced with "conflicting testimony." Frankly, I believe there was no conflict between plaintiff's account manager's and Mr. Oggs' testimony. The reason for this is reflected in the Statement of the Evidence itself. Mr. Oggs never testified that he did not receive the money. Instead, all Mr. Oggs testified to, as set forth in the Statement of the Evidence, is "that he had no *recollection* of this debt or receiving money from the line of credit, and thereby denied owing the plaintiff." [emphasis added.] In other words, all Mr. Oggs testified to was that he remembered neither the debt nor getting any money. Mr. Oggs never testified he did not get the money. Saying that he did not recollect receiving money from the line of credit is not the same as saying he did not receive money from the line of credit.

This failure of Mr. Oggs to testify that he never got the money but rather only that he did not recollect either the debt itself or getting money from the line of credit is more that out-weighed by Mr. Oggs' concession at trial when he "admitted that it was his signature on the line of credit agreement (Exhibit 1) and that it appeared to be his signature on the two checks [making payments on the account for which plaintiff was suing] (Exhibit 2)." As stated in the Statement of Evidence, Mr. Oggs' two personal checks made as payments on the account sued on specifically refer to the "Nations Credit [plaintiff's undisputed predecessor] account number." Clearly it is undisputed from the Statement of Evidence before us that Mr. Oggs made at least two payments by check on the specific account sued upon by plaintiff, despite his statement that he "had no recollection of this debt or receiving money from the line of credit...." From the record before us, it is undisputed that Mr. Oggs received money from the line of credit as he made at least two payments by check on that specific line of credit. This is so despite Mr. Oggs' inability to recollect the debt or recollect receiving money. The fact that he does not remember the debt or remember receiving money from the line of credit simply does not contradict his concessions at trial, that the signatures were his, and the documentary evidence showing that he did receive money from this specific line of credit as he wrote at least two checks making payments on this line of credit.

The majority's attempt to couch this as a battle of credibility is misplaced. If Mr. Oggs had testified that he never received any money from this line of credit or that he never entered into this debt or that he had paid off the line of credit, then it would have been a credibility question. That is not what happened. The majority makes the statement that "Mr. Oggs did not deny that he had in the past transacted business pursuant to the loan agreement, but only that he did not owe the debt currently asserted by C & W." Respectfully, that is not what Mr. Oggs said or denied. What Mr. Oggs testified to, as shown in the Statement of Evidence, is that "he had no recollection of this debt or receiving money from the line of credit...." I see no way short of magic to transform Mr.

-5-

Oggs' testimony that he had "no recollection of this debt or receiving money from the line of credit..." into testimony that he admitted in the past having transacted business pursuant to the loan agreement, including receiving money from the line of credit, but that he had not received the money currently sued for by plaintiff. That simply is not what he said. He testified only to "no recollection of this debt or receiving money from the line of credit...." Clearly and without doubt as shown by his concessions at trial and his two checks making payments on the very account sued on by plaintiff, Mr. Oggs definitely did receive money from this line of credit even though he has no "recollection" of having done so.

I disagree with the majority as I do not believe any credibility assessment was required of the two witnesses. Mr. Oggs' testimony never was contrary to the evidence presented by plaintiff, but rather only was that he had no recollection of the debt or receiving money from the line of credit, even though his concessions at trial and the documentary evidence clearly prove that he did receive money from this line of credit. All Mr. Oggs testified to was that he did not remember this debt and did not remember getting money from the line of credit. The fact that he does not remember the debt or remember getting any money from the line of credit is not inconsistent with the plaintiff's proof that Mr. Oggs did sign the line of credit agreement and that Mr. Oggs did receive the money sued for.

Respectfully, I believe this is a situation where the *pro se* litigant was unfairly advantaged, solely because he was a *pro se* litigant, both at trial and now before this Court. Both the Trial Court and now the majority in their attempts to insure that Mr. Oggs as a *pro se* litigant received "fair and equal treatment" have instead allowed "him an unfair advantage because he represents himself." *Frazier*, 2006 WL 2506706, at *3. I respectfully suggest that the one lesson to be learned by lawyers and future litigants from the majority's opinion is that if you find yourself in a situation similar to Mr. Oggs, do not hire a lawyer but instead proceed *pro se* so that the Rules of Civil Procedure will not be applied to you, and that everything you say in that lawsuit will be construed to mean what it was you might have said as opposed to what you actually did say.

I would reverse the Trial Court and remand this matter for entry of judgment in favor of plaintiff for the amount sued for as plaintiff met its burden.

_____
D. MICHAEL SWINEY, JUDGE