IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2008 Session

## JAMES W. BURD, ET AL. v. DAESHAWN TRAUGHBER a/k/a DAESHAWN SOUZA, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 28572-C      C. L. Rogers, Judge**

_____

**No. M2007-01973-COA-R3-CV - Filed March 26, 2008**

_____

Defendants appeal the trial court's failure to set aside, under Tenn. R. Civ. P. 60.02, the grant of summary judgment in this intentional tort case. Finding that the trial court did not abuse its discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Nathan Whittle, Lebanon, Tennessee, for the appellants, Daeshawn Traughber, a/k/a Daeshawn Souza; and Lorena Traughber.

Martin Sir, Nashville, Tennessee, for the appellees, James W. Burd and Odie Burd.

**MEMORANDUM OPINION[1]**

On June 1, 2006, James and Odie Burd sued Daeshawn Traughber[2] and Lorena Traughber for malicious prosecution, abuse of process, and defamation. The defendants' attorney, Scott Saul, filed a Notice of Appearance on July 11, 2006. Due to defendants' failure to respond to the

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Apparently, Daeshawn Traughber is also known as Daeshawn Souza. Daeshawn Traughber was the Burds' former daughter-in-law.

complaint, the Burds moved for default judgment on July 17, 2006, which the trial court denied after the defendants filed an answer. The parties entered into an Agreed Scheduling Order on September 14, 2006 that set a trial date on April 16-17, 2007. The defendants' counsel subsequently withdrew on January 9, 2007.[3] The order allowing the withdrawal provided that the scheduling order remained in effect, with an April 2007 trial date.

On February 20, 2007, the Burds filed a motion seeking summary judgment "as to all issues of liability" against the two defendants. On March 12, 2007, the trial court's administrative assistant notified the parties of a pre-trial conference schedule change and reiterated the April 2007 trial date. On March 21, 2007, Lorena Traughber delivered a letter[4] to the Sumner County Clerk that referenced her medical records and asked for "a postponement of any scheduled hearing and continuance of the above case until medical release is obtained." According to her March 21 letter, Lorena Traughber was undergoing daily chemotherapy and radiation treatment until April 10, 2007, "followed by surgery and possibly more treatment."

The following day, on March 22, the trial court's administrative assistant responded by letter acknowledging receipt of Lorena Traughber's letter and informing her that her requests "will need to be brought to the court's attention at the Pre-trial Conference scheduled for March 26, 2007, at 8:00 a.m." On March 26, 2007, Ms. Lorena Traughber faxed a letter back to the clerk advising her that she had received the letter but was unable to attend because she had a radiation treatment that morning. If a court appearance was necessary for a continuance, Ms. Traughber asked that it be after April 10, 2007, due to her treatments.

The plaintiffs' motion for summary judgment was heard on March 26, which was the date previously set for hearing on that motion, and by an order dated April 9, 2007, the trial court granted plaintiffs' motion as to liability. That order also set a hearing on damages for April 16, 2007, which had been the date set for trial in the scheduling order.

The defendants appeared *pro se* at the April 16 hearing on damages and "requested additional time in which to hire an attorney to respond to the Plaintiffs' request for damages."[5] In its May 15 order on the hearing, the trial court gave the defendants until June 22, 2007, to hire an attorney. At the April hearing, in addition to hearing defendants' request for more time, the trial court also heard evidence on damages. The court's order on the April hearing, dated May 15, 2007, was expressly

---

[3] The defendants point out on appeal that Mr. Saul's motion to withdraw did not specify that defendants were given notice of his motion to withdraw. The order allowing the withdrawal, however, clearly provided that defendants were mailed a copy of the order on January 9, 2007.

[4] The letter shows it was received by the clerk's office on March 21, the same day it was sent.

[5] There is no transcript of the hearing but the trial court's subsequent order on the April hearing dated May 15, noted the defendants' presence and their request.

"subject to an attorney being hired by defendants."[6] In its May 15, 2007 order, the trial court found defendants had falsely accused Mr. Burd on several occasions and found a litany of expenses arising from those false allegations to have been reasonable, and, in addition, assessed damages for loss of reputation and punitive damages. The trial court granted the Burds a judgment of $135,713.36 and restrained the defendants "from making any further allegations to any local, state, or federal agency or court concerning any alleged child sexual abuse by James W. Burd" which may have occurred before April 20, 2006.

On June 19, 2007, the defendants appeared through counsel and filed a motion under Tennessee Rules of Civil Procedure 60.02 requesting that the summary judgment be vacated and set aside and that the defendants' new counsel be granted time to prepare and file a response to the Burds' summary judgment request. The motion refers exclusively to the summary judgment on liability heard on March 26 and entered April 9, 2007. The motion makes no reference whatsoever to the assessment of damages or the trial court's May 15, 2007, order on damages. Attached to the defendants' motion was the Affidavit of Lorna Traughber wherein she stated her "chemo-radiation treatment" began in February of 2007 and ended in April of 2007. She further stated that due to her medical condition she was unable to retain new counsel until June 19, 2007.[7]

Later, on July 20, 2007, the Affidavit of Daeshawn Traughber was filed. Ms. Daeshawn Traughber's affidavit was largely silent on her efforts other than stating that Lorena Traughber told her that the case was continued. Daeshawn Traughber does not deny receiving any notices from plaintiffs or the clerk's office and offers no other justification for her failure to participate in the case filed against her.

By order dated July 26, 2007, the trial court denied the defendants' motion to set aside its April 2007 summary judgment order as to liability. In its order, the trial court described its efforts to warn the defendants of the dangers of proceeding *pro se* and the delay occasioned by their inattention to the case. The trial court found as follows:

> After eleven months of patience, bending of the rules, giving chances to these pro se Defendants, it is the Court's finding the Defendant, Daeshawn Traughber has absolutely no excuse of health or otherwise for failing to appear or respond. The Defendant Lorena Traughber had notice January 9, 2007 of the trial, she had notice her lawyer had withdrawn in January, she had notice February 20, 2007 of the pending Motion for Summary Judgment that would be heard March 26, 2007. This Defendants' affidavit states she began her cancer treatment in February 2007. Waiting four days before the March 26, 2007 hearing seeking a delay, failing to respond to the Motion for Summary Judgment as required by law, failing to appear

---

[6] The trial court made its order subject to defendants hiring an attorney to respond to the Burds' request for damages. While defendants hired an attorney, as will be discussed, the attorney attempted to set aside the order finding liability but did not contest the damages finding.

[7] Also on June 19, 2007, the defendants' counsel filed a Motion for Extension of Time to Respond to the Summary Judgment Motion, which had already been granted.

or have someone appear as ordered. The Court finds this Defendant has no justifiable basis for asserting excusable neglect for waiting until June 19, 2007 asking to set aside the March 26, 2007 Summary Judgment Order regarding liability. The Court can only extend so much leeway to persons trying to represent themselves. The Court cannot continue to penalize the Plaintiffs who have followed the requirements of law.

With regard to the condition in its May 15 order, the trial court noted that defendants had not challenged the damage award:

Based upon the foregoing the Court finds said Motion of the Defendants to Set Aside the March 26, 2007 Order is denied, there being no excusable neglect. Counsel is reminded this Court's last Order from the April 16, 2007 hearing on damages allowed Plaintiff's proof for damages to be entered and allowed the Defendants to retain counsel by June 22, 2007 to take appropriate action on this April 16, 2007 Order and the damages. This still has not been requested by Defendants' new counsel. (emphasis added)

The defendants filed a Notice of Appeal on August 23, 2007, appealing the July 26, 2007 order denying their request to set aside the prior summary judgment order.[8]

The sole issue raised by the defendants on appeal is whether the trial court erred under Rule 60 when it failed to grant defendants' relief from the summary judgment heard on March 26, 2007, concerning liability. The defendants make no argument whatsoever on the merits of the summary judgment, and they do not raise or otherwise challenge the May 15, 2007 order on damages.

## ANALYSIS

According to the defendants, they are entitled to relief from summary judgment heard on March 26[9] under Rule 60.02 of the Tennessee Rules of Civil Procedure claiming Lorena Traughber's medical condition constituted an extreme hardship. Defendants acknowledge that a reason justifying relief must be one of extraordinary circumstances or extreme hardship.

Relief under Rule 60.02 is considered "an exceptional remedy" and not a routine one. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 275, 294 (Tenn. 1992); *Fielder v. Lakesite Enterprises Corp.*, 871 S.W.2d 157, 159 (Tenn. Ct. App. 1993). The purpose of Rule 60 is to alleviate the effect of an

---

[8]On August 3, 2007, the defendants' counsel had filed a Motion to Set a Hearing on Damages with no accompanying materials. This motion was opposed and the record reflects the trial court found that since the matter was on appeal, the court lacked jurisdiction to rule on the motion. We find this motion does not affect the finality of the judgment for purposes of appeal. Damages had been set and the Rule 60 motion to set aside the summary judgment on liability had been denied.

[9]The defendants' counsel refers to the March 26 summary judgment. The reference is obviously to the summary judgment heard on March 26, for which the order granting summary judgment was entered on April 9, 2007.

oppressive or onerous final judgment, while also balancing the competing interests of justice and finality. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 231 (Tenn. Ct. App. 2000). "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting principal of finality embedded in our procedural rules." *Thompson v. Firemen's Fund Insurance Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). While the rule is designed to allow the trial court to balance the competing interests of justice and finality, "[b]ecause of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Rule 60.02 reads in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

The party seeking relief has the burden of showing grounds therefor; he or she must show that he is entitled to relief. *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App. 1999); *Howard v. Howard*, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999); *Davidson v. Davidson*, 916 S.W.2d 918, 923 (Tenn. Ct. App. 1995). Further, although Rule 60.02 gives the courts broad authority, "this power 'is not to be used to relieve a party from free, calculated and deliberate choices it has made.'" *Federated Insurance Company v. Lethcoe,* 18 S.W.3d 621, 625 (Tenn. 2000) (quoting *Banks v. Dement Construction Co.*, 817 S.W.2d at 19). *See also Cain v. Macklin*, 663 S.W.2d 794, 796 (Tenn. 1984); *Magnavox Company of Tennessee v. Boles & Hite Construction Co.*, 583 S.W.2d 611, 613 (Tenn. Ct. App. 1979).

Whether to grant relief pursuant to Rule 60.02 is a matter within the trial court's discretion, and the trial court's decision will be reversed only for abuse of that discretion. *Lethcoe*, 18 S.W.3d at 624; *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Toney,* 810 S.W.2d at 147; *Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995). "A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning and which causes an injustice to the complaining party." *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005).

The defendants argue that Lorena Traughber's medical condition constitutes "any other reason justifying relief" under Rule 60.02(5). Despite its broad language, Tennessee courts have very narrowly construed Tenn. R. Civ. P. 60.02(5). *Lethcoe*, 18 S.W.3d at 625; *Underwood*, 854 S.W.2d at 97; *Henderson v. Kirby*, 944 S.W.2d 602, 605 (Tenn. Ct. App. 1996). The standards of

Rule 60.02(5) are more demanding than those applicable to the other grounds for relief under the rule. *NCNB Nat'l Bank of N.C. v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993). Relief under Rule 60.02(5) is only appropriate in cases involving extraordinary circumstances or extreme hardship. *Lethcoe*, 18 S.W.3d at 624 (citing *Underwood*, 854 S.W.2d at 97); *Banks*, 817 S.W.2d at 19.

With regard to Ms. Lorena Traughber, undergoing treatments for cancer is no doubt a difficult and onerous process and may excuse her failure to appear in court. It does not, however, excuse her failure to obtain counsel or otherwise respond to the motion for summary judgment filed against her. The Burds filed their motion in February of 2007, and defendants failed to obtain counsel until June of that year. Ms. Daeshawn Traughber has provided no substantive excuse whatsoever for her failure to respond to plaintiffs' summary judgment motion. We cannot conclude that the justification given by the defendants for failing to respond to the motion for summary judgment or otherwise participate in this litigation meets the high standard for relief under Rule 60.02(5).

The trial court herein explained its efforts regarding the defendants. The duties of trial courts with regard to *pro se* litigants is eloquently described by Judge Koch in *Discovery Bank v. McCullough*, M2006-01272-COA-R3-CV, 2008 WL 245976, at *3 (Tenn. Ct. App. January 29, 2008), as follows:

Self-represented litigants are entitled to fair and equal treatment by the courts. *Hessmer v. Miranda*, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). In Tennessee, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training. *Whalum v. Marshall*, 224 S.W.3d 169, 179 (Tenn. Ct. App. 2006); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Thus, courts are expected to take into account that many self-represented litigants have no legal training and are unfamiliar with judicial procedures. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Accordingly, Tennessee's courts should give self-represented litigants who have no legal training a certain amount of leeway in drafting their pleadings, motions, and other papers. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003); *Nash v. Waynick*, No. M2000-02096-COA-R3-CV, 2001 WL 360703, at *3 (Tenn. Ct. App. Apr. 12, 2001) (No Tenn. R. App. P. 11 application filed). They should measure the papers prepared by self-represented litigants using standards that are less stringent than those applied to papers prepared by lawyers. *C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 678 (Tenn. Ct. App. 2007); *Hessmer v. Hessmer*, 138 S.W.3d at 903.

Courts, however, must also be mindful of the boundary between fairness to a self-represented litigant and unfairness to that litigant's adversary. *Whalum v. Marshall*, 224 S.W.3d at 179; *Young v. Barrow*, 130 S.W.3d at 63. Courts may not excuse self-represented litigants from complying with the same substantive and

procedural rules that represented parties are expected to observe. *Slone v. Mitchell*, 205 S.W.3d 469, 473 (Tenn. Ct. App. 2005); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995). Accordingly, self-represented litigants "must act within the time periods provided by the applicable statutes and rules in order to have their cases considered." *Grigsby v. Univ. of Tenn. Med. Ctr.*, No. E2005-01099-COA-R3-CV, 2006 WL 408053, at *3 (Tenn. Ct. App. Feb. 22, 2006) (No Tenn. R. App. P. 11 application filed); *Goad v. Pasipanodya*, No. 01A01-9509-CV-00426, 1997 WL 749462, at *2 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed). Simply stated, "[a]lthough . . . [self-represented] parties are afforded a liberal interpretation of their pleadings and briefs before our courts, this liberal construction cannot create rights where none exist." *Ellis v. Bacon*, No. M2005-00222-COA-R3-CV, 2005 WL 3115917, at *2 (Tenn. Ct. App. Nov. 21, 2005) (No Tenn. R. App. P. 11 application filed).

Based upon all the reasons stated above, we are unable to find that the trial court abused its discretion in failing to grant defendants relief from the April 9, 2007 grant of summary judgment.

The judgment of the trial court is affirmed. Costs of appeal are taxed against defendants, Daeshawn Traughber and Lorena Traughber.

 

 

_____
PATRICIA J. COTTRELL, JUDGE