IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs October 30, 2008

# LASALLE BANK NATIONAL ASSOCIATION v. LOUIS HAMMOND

**Direct Appeal from the Circuit Court for Madison County**
**No. C-07-329     Roger A. Page, Judge**

**No. W2008-00855-COA-R3-CV - Filed December 23, 2008**

**Tenn. R. App. P. 3 Appeal as of Right; The Appeal is Dismissed**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and
J. STEVEN STAFFORD, J., joined.

Louis Hammond, *Pro se.*

Lawrence W. Kelly, Atlanta, Georgia, for the Appellee, Lasalle Bank National Association.

**MEMORANDUM OPINION**[1]

        This is an appeal from an order of the trial court granting a motion for summary judgment
filed by Lasalle Bank National Association (Lasalle Bank). It appears from the record before us that
Lasalle Bank obtained a judgment for possession in the General Sessions Court of Madison County
for the parcel of real estate which is the subject of this appeal. It further appears from the record that
the Defendant, Louis Hammond, executed a deed of trust on a parcel of real estate described as 39
Cherokee Drive, Jackson, Tennessee, to secure a note payable to United Companies Lending
Corporation. The deed of trust was ultimately assigned to Lasalle Bank. The property was subject
to foreclosure proceedings and was sold at public auction to Lasalle Bank.

---

[1]**RULE 10. MEMORANDUM OPINION**

        This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion would have
no precedential value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any
reason in any unrelated case.

Mr. Hammond appealed the judgment for possession rendered by the general sessions court to circuit court. Lasalle Bank filed a motion for summary judgment with supporting affidavits. The motion was granted and Mr. Hammond filed a timely notice of appeal to this Court. He was represented by counsel in the trial court, but appears in this Court *pro se*.

Rule 27(a) of the Tennessee Rules of Appellate Procedure, labeled "Content of Briefs" prescribes as follows:

> (a) **Brief of the Appellant**. The brief of the appellant shall contain under appropriate headings and in the order here indicated.
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;
>
> (8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Rule 6 of the Rules of the Court of Appeals of Tennessee, labeled Briefs, provides as follows:

> (a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial court judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) a statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(a), (b).

The documents filed by Mr. Hammond as his brief comply with none of the requirements of Rule 27(a) or of rule 6 of this Court, with the exception of what we construe to be his statement of facts. Appellant cites no authority, states no issues, and, notwithstanding the requirements of Rule 27(a)(8), does not ask this Court to grant him any relief. Appellant also filed several documents which are designated as Exhibits A through J, some of which appear in the record and some of which do not.

*Pro se* litigants are granted a certain amount of leeway in drafting their pleadings and briefs. We apply less stringent standards than those applied to papers prepared by lawyers. *C&W Asset Acquisitions, LLC v. Oggs*, 230 S.W.3d 671, 678 (Tenn. Ct. App. 2007). Parties who represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, the courts must also be mindful to balance fairness to a *pro se* litigant and unfairness to the *pro se* litigants adversary. *Pro se* litigants are not excused from complying with applicable substantive and procedural law and must follow the same as the represented party. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). *Pro se* litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries and the courts cannot create claims for *pro se* litigants. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

In essence, the appellant, Louis Hammond, has put the burden upon this Court to attempt to create a brief for him, which we are not inclined to do. As a result, this appeal is dismissed and the costs are taxed to the appellant, Louis Hammond.

 

_____

DAVID R. FARMER, JUDGE