FILED

August 13, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:54 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Noble Ali, ) | Docket No.: 2014-01-0014 |
| ) | |
| Employee, ) | |
| v. ) | State File No.: 69727 / 2014 |
| ) | |
| USXpress Enterprises, Inc., ) | Date of Injury: July 2, 2014 |
| ) | |
| Employer, ) | |
| And ) | Judge: Thomas Wyatt |
| ) | |
| Liberty Mutual Ins. Co. ) | |
| ) | |
| Insurance Carrier/TPA. ) | |
| ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS ON THE GROUNDS OF COMPENSABILITY

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge for a telephonic hearing on July 17, 2015, upon the Request for Expedited Hearing (REH) filed by the employee, Noble Ali, on November 5, 2014, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Ali sought to determine whether the employer, USXpress Enterprises, Inc. (USX), is obligated to provide medical and temporary disability benefits for a mental injury he allegedly sustained on July 2, 2014, at a warehouse to which USX directed him to pick up a load. Considering the positions of the parties, the applicable law, and all evidence offered and admitted during the Expedited Hearing, the Court concludes Mr. Callahan is not entitled to the requested benefits.

## ANALYSIS

### Issues

The parties presented the following issues for determination at the Expedited Hearing:

1

*Whether Mr. Ali's failure to file a notarized statement contemporaneously with his REH requires dismissal of the REH; and*

*Whether Mr. Ali sustained a mental injury that arose primarily out of and in the course and scope of employment.*

The Mediation Specialist marked numerous issues on the Dispute Certification Notice (DCN) filed in this claim. The Court decided only those issues the parties presented for determination at the Expedited Hearing.

## Evidence Submitted

The Court admitted into evidence the exhibits identified below:

1. Records of St. Joseph's Medical Center;
2. Records of San Joaquin General Hospital;
3. September 4, 2014 e-mail from Mr. Ali to USX;
4. September 3, 2014 e-mail from Pennie Norris to Mr. Ali; and
5. April 27, 2015 fax transmittal sheet from Mr. Ali to the Clerk of the Court of Workers' Compensation Claims (for identification only).

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), filed September 23, 2014;
- DCN, filed November 5, 2014; and
- REH, filed April 27, 2015.

The Court did not consider documents attached to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

The following persons testified at the telephonic Expedited Hearing:

- Mr. Ali;
- Damon Bell; and
- Jonathan Vanderlinden.

## History of Claim

On or before July 2, 2014, Mr. Ali worked as an over-the-road truck driver for

USX. (Ex. 3.) On July 2, 2014, he drove to a warehouse owned by Baigi Brothers to pick up a load. (Ex. 3.) Ali claims that another truck driver at the warehouse verbally accosted him, including referring to him by a racial slur and threatening to kill him, because he thought Mr. Ali almost backed into his truck. (Ex. 3.) Mr. Ali did not claim physical injury, but alleged that "as I walked past him to consult with the [warehouse] staff . . . , my attacker started to use his body to bully and push me around." (Ex. 3.)

Mr. Ali alleged he reported the altercation to his dispatcher while it was ongoing and "broke down and cried in front of the staff [at Baigi Brothers]" during the call. (Ex. 3.) Mr. Ali claims that USX's dispatcher told him to return to the cab of his truck to await the loading of his trailer. (Ex. 3.) Mr. Ali eventually received his load and delivered it on time to a location in Stockton, California. (Ex. 3.)

Mr. Ali claimed he became anxious and nervous during the trip to Stockton and asked USX's dispatcher about obtaining medical care. (Ex. 3.) He testified that the dispatcher told him he could go to the doctor after he delivered his load. On July 8, 2014, Mr. Ali sought treatment at San Joaquin General Hospital for insomnia and anxiety. (Ex. 2 at 6-8.) He later sought additional emergency treatment for the same symptoms. (Exs. 1, 2, 3.) At some point between July 2 and July 8, 2014, USX determined Mr. Ali could not drive and retrieved its truck. (Ex. 3.)

Mr. Ali stayed in a motel in Stockton for several days until he ran out of money. (Ex. 3.) Mr. Ali claimed that he attempted to call USX several times about his situation, but no one called him back. He claimed he lived in a state of homelessness until approximately August 21, 2014, when a stranger paid for a bus ticket so he could travel to Beaumont, Texas (Ex. 3), where his family and a girlfriend lived.

Mr. Ali stayed with a brother in Beaumont until the brother "put him out." Another brother in Beaumont, Damon Bell, testified he could not take Mr. Ali into his home "because I have young teenage daughters." At some point, Mr. Ali traveled back to Stockton. During the hearing, Mr. Ali admitted that his ex-wife and daughter reside in Stockton.

Around the first of September, 2014, Mr. Ali sought help from the Bureau (then Division) of Workers' Compensation (Ex. 3). On September 3, 2014, a representative of USX contacted Mr. Ali with instructions on how to proceed with his claim. (Ex. 4.) USX's carrier denied the compensability of the claim.

### Mr. Ali's Contentions

Mr. Ali asserts he suffered a serious mental injury because of an altercation that occurred while he was picking up a load for USX. He contends that USX's failure to provide treatment for his injury severely worsened its impact, resulting in his extended

3

period of disability.

Mr. Ali claims his only "shelter" at the time of the alleged injury was USX's truck. He contends USX's retrieval of the truck stranded him in Stockton, California and eventually rendered him homeless.

### USX's Contentions

USX claims Mr. Ali failed to establish by expert medical opinion that he sustained a work-related mental injury. Furthermore, USX contends that non-work-related stressors such as relationship problems account for any mental condition Mr. Ali may have.

USX claims Mr. Ali asked that it base him in Stockton so his work trips would end in proximity to his fiancée's residence. USX argues it retrieved its truck in conformity with its known company policy because Mr. Ali claimed he was mentally unable to drive.

### Findings of Fact and Conclusions of Law

#### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

#### Factual Findings

Upon consideration of the testimony in open court, the exhibits introduced by the parties, the argument of counsel for the parties, and the record in this claim, the Court makes the following factual findings in the Expedited Hearing conducted July 2, 2015:

- On and before July 2, 2014, Mr. Ali worked as an over-the-road truck driver for USX;
- On or about July 2, 2014, Mr. Ali was verbally accosted by a another driver while picking up a load at a warehouse;
- Mr. Ali was not physically injured during the altercation that occurred on or

4

about July 2, 2014;

- Mr. Ali telephoned his dispatcher at USX to report the incident at the warehouse and later asked for authorization to seek medical care;
- Mr. Ali delivered his load to Stockton, California, where USX retrieved its truck after Mr. Ali reported he was unable to drive;
- Mr. Ali received treatment for insomnia and anxiety following the July 2, 2014 on-the-job incident; and
- Mr. Ali has not worked anywhere since July 2014.

*Preliminary Procedural Issue*

At the beginning of the Expedited Hearing, USX orally moved to dismiss Mr. Ali's REH because the statement filed with it was not notarized. USX argued Mr. Ali's unsworn statement did not satisfy the requirement of Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) that "[a]ll motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." USX thus asserted that the Court was required to dismiss Mr. Ali's Request for Expedited Hearing under the authority of *Hadzic v. Averitt Express,* No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, *6 (Tenn. Work. App. Bd. May 18, 2015).

The Court notes USX had a copy of Mr. Ali's un-notarized statement for approximately three and one-half months before the Expedited Hearing. The Court also notes USX moved for and received a continuance of an earlier-scheduled Expedited Hearing because of the illness of one of its attorneys. In view of the above facts, the Court finds the fact USX did not raise the adequacy of Mr. Ali's statement until the Expedited Hearing is inherently unfair.

The facts here are factually distinguishable from those in *Hadzic*. Because Mr. Ali filed a statement with his REH, he, unlike the employee in *Hadzic,* gave USX notice of the basic facts on which he based his claim. Therefore, the issue is whether Mr. Ali's un-notarized statement satisfies the "affidavit" requirement of Rule 0800-02-.21-.14(1)(A).

Mr. Ali contended the statement he filed with Request for Expedited Hearing was a truthful statement of "what happened" in his claim. In response to a question from the Court, Mr. Ali swore that the facts set forth in his written statement were truthful and accurate, both at the time he filed the statement and on the date of the Expedited Hearing.

Rule 5.02 of the Practice and Procedures of the Court of Workers' Compensation Claims provides, "[a]ffidavits that do not meet the requirements of a sworn statement shall not be introduced as evidence and will not be considered by the judge." The Supreme Court, however, has held that the courts shall measure the papers prepared by self-represented litigants, who are untrained in the law, by less stringent standards than

5

those applied to papers prepared by lawyers. *C & W Asset Acquisition, LLC v. Oggs,* 230 S.W.3d 671, 678 (Tenn. 2007); *Young v. Barrow,* 130 S.W.3d 59, 62-3 (Tenn. 2004).

While not notarized, the written statement file by Mr. Ali gave USX notice of the basic factual foundation of the claim against it. Therefore, the Court finds that Mr. Ali's failure to have the statement he filed notarized is not a fatal defect to the statement's compliance with the "affidavit" requirement of Rule 0800-02-21-.14(1)(a). As such, the Court overruled USX's motion to dismiss.

*Application of Law to Facts*

While Mr. Ali claimed the driver who allegedly accosted him physically touched him, he did not claim he sustained physical injury during the altercation. The medical records Mr. Ali introduced at the Expedited Hearing establish he did not report a physical injury when he presented for emergency treatment of his injury (Exs. 1, 2). In view of the above, Mr. Ali's claimed injury is a purely mental injury.

Workers' Compensation Law does not provide benefits for all purely mental injuries that occur while an employee is working. Tennessee Code Annotated section 50-6-102(16) (2014) defines a compensable purely mental injury as "a loss of mental faculties or a mental or behavioral disorder, arising primarily out of . . . an identifiable work related 'event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities." The Supreme Court held in *Goodloe v. State,* 36 S.W.3d 62, 65 (Tenn. 2001), that a purely mental injury is not compensable unless caused by "an identifiable stressful work-related event producing a sudden mental stimulus such as fright, shock, or excessive, unexpected anxiety.

The Court finds an altercation occurred on July 2, 2014, between Mr. Ali and another driver waiting to pick up a load at a warehouse. In considering whether the altercation produced such a "fright, shock, or excessive, unexpected anxiety," *Id.* at 62, that Mr. Ali is entitled to workers' compensation benefits, the Court notes Mr. Ali did not claim the driver who accosted him was armed or realistically able to place him in physical danger. The Court also notes the staff at the warehouse was present during the altercation; Mr. Ali was able to contact his dispatcher while the altercation was ongoing; he was able to return to the cab of his truck to await receipt of his load; he was able to drive away from the warehouse without incident; and he delivered the load on time at its specified designation.

A review of the appellate opinions affirming awards in purely mental-injury cases reveals fact patterns involving levels of fright, shock, or excessive unexpected anxiety beyond that experienced by Mr. Ali: *Saylor v. Lakeway Trucking, Inc.,* 181 S.W.3d 314 (Tenn. 2005) (where a truck driver was exposed to a chemical labeled "Radioactive"); *Craven v.*

6

*Corr. Corp. of Am.,* 2006 Tenn. LEXIS 972 (Tenn. Workers' Comp. Panel Oct. 26, 2006) (where a prison guard observed a co-worker, who eventually died, bleeding profusely from a stab wound); *Lifepoint Hosp., Inc. v. Morgan,* 2005 Tenn. LEXIS 377 (Tenn. Workers' Comp. Panel Apr. 28, 2005) (where a surgical assistant observed a patient fall from a gurney during surgery, suffering a release of cerebrospinal fluid from the skull); *Pressley v. State,* 2004 Tenn. LEXIS 27 (Tenn. Workers' Comp. Panel Sept. 19, 2003) (where a state trooper observed three fatal vehicular collisions, one involving a decapitation and another involving a body with an elongated crushed head buried in mud).

In *McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209 (Tenn. 2003), the Supreme Court affirmed an award of benefits to an employee who suffered a mental injury after her male supervisor grabbed her upper arms, shook her, yelled at her with his face six inches from her face, and pushed her out of the way when he exited the scene of the confrontation. The Court finds that the altercation described by Mr. Ali does not rise to the level of the facts in *McCall* and, as such, the decision therein does not mandate an award of benefits for Mr. Ali.

The Court additionally finds that Mr. Ali did not establish his claim by expert medical opinion. The medical records introduced into evidence scarcely address the causation of the insomnia and anxiety for which Mr. Ali sought treatment. However, the Physician's Assistant who saw Mr. Ali at St. Joseph's Medical Center on August 7, 2014, wrote, "[i]nsomnia [is] likely secondary to patients [sic] current stressors, including work and being away from family for a long period of time." (Ex. 1, at 3.)

Tennessee Code Annotated section 50-6-102(13)(C) (2014) requires the injured worker to establish the causation of his or her work injury by expert medical opinion. Where more than a single causative factor is potentially responsible for an alleged work injury, section 50-6-102(13)(C) requires that the injured employee show "to a reasonable degree of medical certainty that [the alleged injury] contributed more than fifty percent (50%) in causing the . . . disablement . . . considering all causes." On the basis of the above-described statutory standard, the Court finds Mr. Ali did not establish by expert medical opinion he is likely to prevail at a hearing on the merits on the issue of whether his mental injury is work-related.

**IT IS, THEREFORE, ORDERED** that:

1. Mr. Ali has failed, at the present time, to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits on the issue of the compensability of his claim; and

2. This matter is set for Initial Hearing at 9:00 a.m., Eastern Time, on November 18, 2015

**ENTERED** this the 13th day of August, 2015.

_____

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims, on November 18, 2015, at 9:00 p.m. Eastern Time. You must call 615-741-3061 or toll free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 13th day of August, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Noble Ali, self-represented | | | X | bellbein@yahoo.com |
| Charles Gilbreath, Attorney | | | X | cgilbreath@noogalaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9