In re James P. PIERRON, Debtor.

Custom Kilns, Inc., Plaintiff,

v.

James P. Pierron, Defendant.

Bankruptcy No. 09–56513.
Adversary No. 10–2020.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 22, 2011.

J. Matthew Fisher, Columbus, OH, Paul Preston Wilson, Jr., Attorney for Plaintiff.

Susan L. Rhiel, Columbus, OH, Attorney for Defendant.

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter is before the Court upon the Motion for Summary Judgment (Doc. 15) ("Defendant's Motion") filed by James P. Pierron (hereinafter "Defendant"), the Response (Doc. 21) to Defendant's Motion filed by Custom Kilns, Inc. (hereinafter "Plaintiff"), the Motion for Summary Judgment (Doc. 17) ("Plaintiff's Motion") filed by Plaintiff, the Response to Plaintiff's Motion (Doc. 22) filed by Defendant and Plaintiff's Reply to Defendant's Response (Doc. 25). Plaintiff and Defendant are hereinafter collectively referred to as the "Parties".

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a).[1] The party seeking sum-

---

1. Civil Rule 56, in its current form, became effective on December 1, 2010, after this adversary proceeding was commenced. "Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in

mary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then assert that a fact is genuinely disputed and must support the assertion by citing to particular parts of the record. Fed.R.Civ.P. 56(c)(1). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following standard to apply when evaluating a motion for summary judgment:

[T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determination of credibility, weight of the evidence, and legitimate inferences from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate

a particular action would be infeasible or work an injustice." *Martinez v. Hutton (In re Harwell),* 628 F.3d 1312, 1317 n. 4 (11th Cir.2010). The summary judgment standard now appears in Civil Rule 56(a) rather than, as it formerly did, Civil Rule 56(c). *See* Fed. R.Civ.P. 56(a) advisory committee's note (2010 Amendments) ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c)...."). Inasmuch as the amended rule does not change the standard for entry of summary judgment, application of "the amended version of [Civil] Rule 56 in this case is just and practicable and would not work a manifest injustice ..." *Farmers Ins. Exch. v. RNK, Inc.,* 632 F.3d 777, 788 n. 4 (1st Cir.2011)."

and dispose of factually unsupported claims or defenses...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir.1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute and may be summarized as follows: In December 2005, Craftco Hardwood Floors, Inc. and Plaintiff entered into a contract for the manufacturing and installation of four Fork Loaded–All Aluminum Dry Kilns and one All Aluminum Steamer for Craftco. At all times relevant to this matter, Defendant held himself out to be the president of Craftco. Prior to the contract, in April 2004, Craftco had sold substantially all of its assets to an entity named Manufacturing Ventures, LLC, which was organized by Defendant and two other parties (the Court will refer to Manufacturing Ventures, LLC and Craftco collectively as "Craftco"). On or about January 27, 2006, Craftco requested, and Plaintiff agreed, to a change order that reduced the purchase price of the contract. On or about August 16, 2006, Craftco transmitted an offer to modify the payment terms of the contract. Plaintiff rejected Craftco's proposed modification, at which point Craftco ceased all work under the contract.

On September 15, 2006, Craftco filed a complaint against Plaintiff for breach of contract in the U.S. District Court for the Western District of Tennessee (hereinafter "District Court"). In its complaint, Craftco was listed as a trade name of Manufacturing Ventures, LLC. Plaintiff filed a counter-complaint against Craftco and a third-party complaint against Defendant. Plaintiff asserted numerous causes of action against Defendant including conversion, civil conspiracy, breach of contract, fraud, and tortious interference with business relationships. On or about April 28, 2008, after a full trial on the merits, a jury returned a judgment against Defendant and for Plaintiff for the amount of $565,360, plus $141,744.22 in interest and $171,179.45 in attorney's fees. The District Court Judgment[2] reads in pertinent part

... **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered as follows:

In favor of Defendant/Counter–Plaintiff Custom Kilns, Inc. and against Plaintiff/Counter–Defendant Manufacturing Ventures LLC, d/b/a Craftco Hardwood Floors, Inc. and Third–Party Defendant James P. Pierron, jointly and severally, on its claims of breach of contract, fraud, conversion, civil conspiracy, and/or tortious interference with business relationships in the amount of....

Plaintiff's Motion, Appendix 6.

On May 11, 2009, James P. Pierron filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code, Case No. 09–56513 (hereinafter "Main Case"). Plaintiff followed with this adversary proceeding, seeking a determination that Defendant's debt to Plaintiff is non-discharge-

---

**2.** Defendant appealed the District Court Judgment to the Sixth Circuit Court of Appeals but has announced to this Court that he has no intention of pursuing the appeal and has acknowledged that the District Court Judgment is a final judgment.

able pursuant to 11 U.S.C. § 523(a)(2), (4), and (6).

## III. Arguments of the Parties

In their Motions for Summary Judgment, the parties both insist that collateral estoppel applies by virtue of the District Court Judgment, thus, the underlying causes of action need not be re-litigated in this Court. However, Plaintiff and Defendant offer different interpretations of the District Court Judgment. Plaintiff asserts that the District Court Judgment is non-dischargeable because the jury found Defendant liable to Plaintiff for one or more of Plaintiff's claims. Plaintiff posits that the only way the District Court could have found Defendant liable in his individual capacity was to pierce the corporate veil of Craftco under the "alter ego" doctrine. Plaintiff further asserts that under Tennessee law, fraud is a required element to pierce the corporate veil, and therefore, the debt should be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[3]

Defendant asserts that the jury evidently failed to find Defendant liable for fraud as illustrated by the jury's failure to award Plaintiff punitive damages. Defendant refers this Court to the verdict form which reads in pertinent part:

### Claims of Custom Kilns

*Question No. 2:* Has Custom Kilns established by the greater weight or preponderance of the evidence any of these theories for recovery-breach of contract (recall that the Court has determined that Craftco and Rose Machine have committed material breachs [sic]), fraud, conversion, civil conspiracy, and/or tortious interference with business relationships—against any of the following parties?

Answer:

Against Craftco? Yes

### Punitive Damages

*Question No. 13:* If you answered "Yes" to Questions No. 2 as to the claims of fraud, conversion, civil conspiracy, and/or tortious interference with business relationships, has Custom Kilns proved by clear and convincing evidence that the following parties' conduct was reckless, intentional, fraudulent, or malicious?

Answer:

Against Mr. Pierron? No

Plaintiff's Motion Appendix 5, Defendant's Motion Appendix 8. As to Defendant, the jury answered yes to question number 2 and no to question number 13. Defendant argues that the failure to find him liable for reckless, intentional, fraudulent, or malicious conduct by clear and convincing evidence results in an inference that the jury did not find Defendant liable for fraud. Likewise, Defendant further asserts that summary judgment is appropriate as to Plaintiff's causes of action under 11 U.S.C. § 523(a)(4) and (6) because the jury answered no to Question No. 13 in the jury verdict form. Specifically, Defendant asserts that the jury's response to Question No. 13 would be sufficient to find that Plaintiff's claim under § 523(a)(4) lacks a finding of fraudulent intent which is a required element to prove federal common law larceny. As to Plaintiff's claims under § 523(a)(6), Defendant again relies upon the jury's response to Question No. 13 of the jury verdict form and asserts that the jury's response indicates that it failed to find Defendant's conduct reckless, fraudulent, or malicious by clear and convincing evidence.

---

**3.** While Plaintiff alleges that the Defendant's debt is non-dischargeable under numerous Bankruptcy Code sections, Plaintiff limits its Motion for Summary Judgment to its cause of action pursuant to 11 U.S.C. § 523(a)(2).

## IV. Law and Analysis

■ Because the overarching purpose of the Bankruptcy Code is to provide a fresh start to those in need of relief from the efforts of creditors,[4] exceptions to discharge are to be strictly construed against the complaining party. *Rembert v. AT & T Universal Card Serv., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998). Thus, the Court must construe exceptions to discharge narrowly. *Rembert, Id. at* 281; *Ker v. Ker (In re Ker)*, 365 B.R. 807, 812 (Bankr.S.D.Ohio 2007) ("In order to afford the honest but unfortunate debtor a fresh start, the Court narrowly construes exceptions to discharge."). However, the relief provided by the Bankruptcy Code is intended only for the "honest but unfortunate" debtor and not to protect perpetrators of fraud or those who engage in egregious conduct. *Grogan*, 498 U.S. at 287, 111 S.Ct. 654. In a dischargeability action the creditor bears the burden of proving each element of its claim by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("Because it seems clear that a preponderance of the evidence is sufficient to establish the nondischargeability of some of the types of claims covered by § 523(a), it is fair to infer that Congress intended the ordinary preponderance standard to govern the applicability of all the discharge exceptions." (Footnote omitted.)); *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998).

### A. Collateral Estoppel

■ The Parties' Motions both rely upon the doctrine of collateral estoppel, arguing that the issues decided in the District Court need not be re-litigated in this Court. The doctrine applies in the context of dischargeability litigation to prevent re-litigation of issues already decided. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Where the issue previously litigated was litigated under state law, a bankruptcy court will evaluate the law of collateral estoppel of the relevant state. *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51 (6th Cir.1995). "[A] court determining whether or not to apply collateral estoppel first must determine if a state court judgment would receive preclusive effect in the state where it was rendered ... If the answer to this question is yes, the court must give that judgment preclusive effect unless it determines that an exception ... should apply." *Id.* at 53 (citations omitted). Therefore, the law of the state where the previous judgment was entered is controlling.

■ In this case, the judgment was based on the law of the state of Tennessee. Under Tennessee law, to prevail under a collateral estoppel theory (also known as issue preclusion), the party asserting it must demonstrate:

1. That the issue sought to be precluded is identical to the issue decided in the earlier suit; 2. that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit; 3. that the judgment in the earlier suit has become final; 4. that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; 5. that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue now sought to be precluded.

*Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn.Ct.App.1998). As an initial matter, the Court concludes that the third and fourth elements of the five-prong *Beaty*

---

**4.** *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

test have been satisfied as to all of Plaintiff's causes of action in this instant case. The District Court Judgment is a final judgment on the merits of the District Court case. The Parties both were parties to the earlier suit. Determining whether the remaining elements of issue preclusion have been established is not as straightforward.

 When a final judgment is entered in multiple claims and there is no way to determine which specific claims on which the judgment is rendered, application of the doctrine of issue preclusion is not appropriate. In the case of *Simmons Capital Advisors, Lt. v. Bachinski*, the court ruled that

> A judgment does not have issue-preclusive effect if it makes several findings of fact or conclusions of law in the disjunctive and at least one of the alternative findings is insufficient to support a non-dischargeability judgment. Under that scenario, the alternatives that might otherwise have supported nondischargeability are not 'necessary to the final judgment' and issue preclusion, therefore, cannot apply.

*In re Bachinski*, 393 B.R. 522, 534 (Bankr. S.D.Ohio 2008). In the case at bar, the District Court found Defendant liable upon the claims of breach of contract, fraud, conversion, civil conspiracy, **and/or** tortious interference with business relationships. The District Court Judgment fails to identify the claims for which the jury found Defendant liable and instead lists all of the causes of action from Plaintiff's complaint. Because the District Court used the words "and/or" in the judgment, this Court has to review the separate causes of action to determine whether any one of the alternative claims would be insufficient to support a claim for nondischargeability.

 Under Tennessee law, the essential elements to a breach of contract claim are: 1) the existence of an enforceable contract; 2) nonperformance amounting to a breach of the contract; and 3) damages caused by the breach of contract. *C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676 (Tenn.Ct.App.2007). While Defendant may have been found liable for breach of contract as one of the alternative claims, none of the elements of a breach of contract claim are sufficient to support a finding of nondischargeability of Plaintiff's debt. An action for breach of contract does not require a showing of false pretenses, false representations, or actual fraud.[5] Plaintiff also relies upon a post-trial order on Defendant's motion for a new trial and motion in the alternative for remittitur. In the post-trial order, District Court Judge McCalla wrote:

> [T]he jury found Craftco and Pierron liable for breach of contract, fraud, conversion, civil conspiracy, and/or tortious interference with business relationship claims. The jury apparently found Craftco and Pierron liable for breach of contract and at least one of the torts, and the damage award reflects that liability.

Plaintiff's Motion, Appendix 7 at 12. While Judge McCalla may have offered the District Court's opinion as to the jury award, the post-trial order does not alter the language of the District Court Judgment. Therefore, this Court finds that the

---

**5.** Plaintiff asserts in its Motion that the Defendant could not have been found personally liable upon any of Plaintiff's claims unless the District Court had pierced the corporate veil of Craftco which would require a finding that Defendant had committed fraud. As discussed below, this Court disagrees with Plaintiff's assertion that the showing of fraud, as used in the context of piercing the corporate veil, amounts to actual fraud necessary for establishing the nondischargeability of debt.

District Court Judgment findings were made in the disjunctive and at least one of the alternative claims is insufficient to support nondischargeability. As a result, the District Court Judgment will not have preclusive effect upon the issues to be litigated in this matter.

## B. Nondischargeability under 11 U.S.C. § 523(a)(2)(A).

■ The Parties seek a determination whether the District Court Judgment is sufficient to determine the dischargeability of Plaintiff's claims pursuant to § 523(a)(2)(A), which provides in pertinent part as follows: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—. . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—(A) false pretenses, a false representation, or actual fraud. . . ." 11 U.S.C. § 523(a)(2)(A). A debt is deemed nondischargeable under § 523(a)(2)(A) when a creditor establishes that:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert*, 141 F.3d at 280–81 (footnote omitted).

■ The District Court Judgment is too unclear and ambiguous to establish whether the debt owed by Defendant to Plaintiff is dischargeable pursuant to § 523(a)(2)(A) and summary judgment is therefore inappropriate. Regarding Plaintiff's fraud claim against Defendant, the District Court provided the jury with the following instruction:

To recover under this theory, a plaintiff must prove each of the following:

1. The defendant made a promise as to a material matter and, at the time the promise was made, the defendant did not intend to perform it;

2. The defendant made the promise with an intent to deceive plaintiff. In other words, the defendant made the promise to induce the plaintiff to rely upon it and to act or not act in reliance upon it;

3. The plaintiff was unaware that the defendant did not intend to perform the promise; the plaintiff acted in reliance upon the promise; and the plaintiff was justified in relying upon the promise made by the defendant; and

4. As a result of the reliance upon defendant's promise, the plaintiff has sustained damage.

Appendix to Defendant's Motion, Appendix 4 at 49. The District Court further instructed the jury that the above elements must be proven by a preponderance of the evidence. *See Id. at 22.* While the District Court's jury instructions mirror the elements of a claim under § 523(a)(2)(A), the District Court Judgment lumps together Plaintiff's claims for breach of contract, fraud, conversion, civil conspiracy, and/or tortious interference with business relationships. Therefore, it is impossible for this Court to determine which claim or claims on which the jury rendered its verdict. However, the Court will examine the arguments of the Parties as they relate to Plaintiff's claims under 11 U.S.C. § 523(a)(2)(A).

■ Defendant asserts that summary judgment is appropriate under § 523(a)(2)(A) because Defendant was not found liable by the District Court for punitive damages per the jury's response to Question No. 13 of the jury verdict form.

Defendant's reliance upon the District Court's ruling upon punitive damages is simply misplaced. The award of punitive damages under Tennessee law requires a higher standard of proof: that of clear and convincing evidence. As discussed above, the standard of proof in a nondischargeability action is the lower standard of preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Therefore, Defendant's Motion seeking summary judgment on Plaintiff's claim under § 523(a)(2)(A) fails.

▮▮▮▮▮ Plaintiff's Motion asserts that summary judgment is appropriate under § 523(a)(2)(A) because the District Court could not have found Defendant personally liable under any of Plaintiff's claims in the absence of fraud by Defendant. Under Tennessee law, a "corporate veil may be pierced, that is, the legal entity disregarded and the true owners of the entity held liable, when the corporation is liable for a debt but is without funds due to some misconduct on the part of the officers and directors." *Pamperin v. Streamline, Mfg., Inc. et al.*, 276 S.W.3d 428, at 437 (Tenn.Ct.App.2008). Plaintiff asserts that the only way the District Court could have found Defendant personally liable was to pierce the corporate veil of Craftco, which under Tennessee law requires a showing of fraud. Plaintiff cites a case from the Sixth Circuit Court of Appeals, among others, for this proposition: *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666 (6th Cir.2006). However, that court went on to state that "... whether Southeast must show 'actual fraud' or 'fraud per se,'..." doesn't matter because under Tennessee law "... fraud *or similar injustice* ..." must be demonstrated in order to pierce the corporate veil. *Id.* at 674 (emphasis added). " '[T]he requisite injustice or unfairness ... is also not sim-

ple in nature but rather something that is similar in nature to fraud or a sham.' ". *Id.* at 674 (citing *In re Foxmeyer*, 290 B.R. 229, at 236 (Bankr.D.Del.2003)). The use of the words "fraud or similar injustice" suggests that a Tennessee court may pierce the corporate veil without a showing of actual fraud, which is a required element of a cause of action under § 523(a)(2).

This Court also finds persuasive the opinion of the court in *Boles v. National Development Company, Inc.*, 175 S.W.3d 226 (Tenn.Ct.App.2005). The appellant in the *Boles* case appealed the trial court decision which pierced the corporate veil, asserting that the "... plaintiffs provided no proof of actual fraud ...". *Id.* at 236. The *Boles* court stated that "Tennessee's burden of proof, though substantial, does not require proof of actual fraud." *Id.* at 236, n. 1. The opinions in the *Southeast Texas Inns* case and the *Boles* case are important because they stand for the proposition that Tennessee veil piercing law does not require a showing of actual fraud.

▮▮▮▮ The District Court provided the jury with the following instructions regarding Plaintiff's alter ego claim (also known as piercing the corporate veil) against Defendant:

> To find that a corporation is the alter ego of another individual(s), you must consider the following factors:
>
> 1. Whether there was a failure to collect paid in capital;
>
> 2. Whether the corporation was grossly undercapitalized;
>
> 3. The nonissuance of stock certificates;
>
> 4. The sole ownership of stock by one individual;
>
> 5. The use of the same office or business location;

6. The employment of the same employees or attorneys;

7. The use of the corporation as an instrumentality or business conduit for an individual or another corporation;

8. The diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another;

9. The use of the corporation as a subterfuge in illegal transactions;

10. The formation and use of the corporation to transfer to it the existing liability of another person or entity; and

11. The failure to maintain arms length relationships among related entities.

Custom Kilns bears the burden of presenting facts in support of the above factors, but it is not necessary for all of the factors to weigh in Custom Kilns's favor.

Defendant's Motion, Appendix 4 pg. 33–34. The jury did find that Defendant was the alter ego of Craftco. However, the District Court Judgment did not specify which factors led to the piercing of the corporate veil. To establish that a debt is non-dischargeable under § 523(a)(2)(A), a party must show actual fraud and not merely fraud implied by law. *Rembert,* 141 F.3d at 281 (citing *Anastas v. American Savings Bank (In re Anastas),* 94 F.3d 1280, at 1285–86 (9th Cir.1996)). This Court is unable to determine from the District Court Judgment whether Defendant committed actual fraud and as stated above, Tennessee law does not require a showing of actual fraud to pierce the corporate veil. Exceptions to discharge must be construed narrowly. Therefore, this Court finds that summary judgment is inappropriate as to Plaintiff's claims under § 523(a)(2)(A).

## C. Nondischargeability under 11 U.S.C. § 523(a)(4).

 11 U.S.C. § 523(a)(4) provides in pertinent part as follows: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . ." 11 U.S.C. § 523(a)(4). The phrase "while acting in a fiduciary capacity" applies only to the words "fraud or defalcation"; embezzlement and larceny are separate grounds for non-dischargeability under § 523(a)(4) whether or not a fiduciary relationship existed. *Nat'l City Bank v. Imbody (In re Imbody),* 104 B.R. 830, 840 (Bankr. N.D.Ohio 1989). Therefore, a plaintiff can prevail under § 523(a)(4) by establishing that the defendant committed either (1) fraud or defalcation while acting in a fiduciary capacity, or (2) embezzlement, or (3) larceny. Plaintiff's Complaint alleges larceny.

 For purposes of § 523(a)(4), embezzlement is the " 'fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.' " *Brady v. McAllister (In re Brady),* 101 F.3d 1165, 1172–73 (6th Cir.1996) (citing *Gribble v. Carlton (In re Carlton),* 26 B.R. 202 (Bankr.M.D.Tenn.1982)). Larceny differs from embezzlement in that the original taking or possession of the property is unlawful and without the consent of the owner. Larceny requires that felonious intent must have existed at the time of the taking. *Moore v. U.S.,* 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895).

 Defendant does not persuade this Court that summary judgment is warranted under § 523(a)(4). Defendant posits that larceny requires proof of felonious

intent. Defendant then analogizes the District Court Judgment that fails to find Defendant liable for punitive damages, to the lack of a finding of felonious intent on the part of Defendant. Again, Defendant's reliance upon the District Court's ruling against punitive damages is simply misplaced. In Tennessee, punitive damages arise out of conduct that is reckless, intentional, fraudulent, or malicious. However, evidence to support an award of punitive damages must be clear and convincing. Again, the standard of proof in a nondischargeability action is merely the preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Plaintiff's Complaint alleges that Defendant committed larceny by converting Plaintiff's property. Defendant has denied the allegations in his Answer, but has otherwise failed to show that he is entitled to summary judgment on Plaintiff's claims for larceny. Therefore, Defendant's Motion seeking summary judgment on Plaintiff's claim under § 523(a)(4) also lacks merit.

**D. Nondischargeability under 11 U.S.C. § 523(a)(6).**

 11 U.S.C. Section 523(a)(6) provides in pertinent part as follows: "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... (6) for willful and malicious injury by the Debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). Because the word "willful" in the statute modifies the word "injury," the United States Supreme Court has concluded that § 523(a)(6) requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). "[T]he actor must intend 'the *consequences* of an act,' not simply 'the act itself.' " *Id.* at

61–62, 118 S.Ct. 974 (emphasis in original) (citation omitted).

 Willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). *See also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.2001). The focus is on the debtor's state of mind. The fact that the debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz*, 190 F.3d at 465 n. 10. Similarly, damages arising from conduct which is reckless or negligent do not fall within the purview of § 523(a)(6). *Kawaauhau*, 523 U.S. at 59, 118 S.Ct. 974.

 The requirement of maliciousness is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir.1991); *Jercich*, 238 F.3d at 1209.

 Defendant does not persuade this Court that summary judgment is appropriate under § 523(a)(6). Defendant asserts that the District Court Judgment fails to find Defendant liable for intentional or malicious conduct which are both required elements of a cause of action pursuant to § 523(a)(6). Defendant argues that the District Court failed to award punitive damages against Defendant, which requires a showing of reckless, intentional, fraudulent, or malicious conduct. Again, Defendant's reliance upon the District Court's ruling upon punitive damages is simply misplaced. In Tennessee, punitive damages arise out of conduct that is reck-

less, intentional, fraudulent, or malicious, shown by clear and convincing evidence. Again, the standard of proof in a nondischargeability action is merely the preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Therefore, Defendant's Motion seeking summary judgment on Plaintiff's claim under § 523(a)(6) must be denied.

## V. Conclusion

For the foregoing reasons, the Court finds that the Parties' Motions for Summary Judgment are not well-taken and are therefore DENIED. A trial will be set in this matter by separate notice.

**IT IS SO ORDERED.**